Chief Justice Boeertson
delivered the Opinion of the Court.
The question in this case, is, whether itis'.nep.essary, upon an issue on a plea of plene adminisfrimit, in'a suit for a devastavit, against an administrator and his .sure ties,that the jury should find, in 'their verdict, the ~ amount of assets, which had been retained or misapplied, if they find against the plea. , .
The first section of an act of 1811 (1.- Stat. Law, 672,') provides, in contravention of the common law, that when sued for a devastavit, an executor or administrator may exempt himself from liability beyond the amount of assets which shall have been wasled, or which shall be ascertained to remain unadministered. Consequently, it would seem to be reasonable, and consistent with analogy, that on an issue on a plea of pie ne administravit, in a suit for a devastavit, as the judgment is in personam, and not against assets, that the jury sworn to try the is •sue, should, if they find against the plea, ascertain and report, in their verdict, the amount of* assets which shall have been misapplied, or not appropriated, so as to enable the court to render a proper judgment for no more than, according to the law and the facts of the case, the plaintiff in the action is entitled to recover.
It seems to us, therefore, that such a special finding is necessary in such a case.-
Wherefore, as there was no such finding on such an issue in this case — which is an action of debt for a devastavit — it is the opinion of this court, that the judgment of the Circuit Court against the defendants ’in the action (plaintiffs in this court,) is erroneous. Wherefore, it is considered, that the judgment be reversed, and the cause remanded for a new trial.